## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS (CHICAGO)

| | |
|---|---|
| LOUIS BEDROCK,<br>             Plaintiff, | CASE NO. 1:20-cv-05171 |
| v. | Judge Charles R. Norgle, Sr. |
| TRANS UNION, LLC; and VERIZON WIRELESS PERSONAL COMMUNICATIONS, LP d/b/a VERIZON WIRELESS;<br>             Defendants. | |

### TRANS UNION, LLC'S ANSWER TO PLAINTIFF'S COMPLAINT AND AFFIRMATIVE DEFENSES

Trans Union, LLC ("Trans Union"), by counsel, responds to Plaintiff's Complaint (the "Complaint") as follows. For the Court's convenience, Plaintiff's allegations are set forth verbatim with Trans Union's responses immediately following.

### Introduction

1.  This is an action for actual, statutory and punitive damages, costs and attorney's fees brought pursuant to the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.* (FCRA).

**ANSWER**: Trans Union denies that it violated the FCRA (or any other law). Trans Union denies that Plaintiff is entitled to any damages, costs, fees or other relief from or against Trans Union. Trans Union states that the remaining allegations of this paragraph are legal conclusions and, so stating, denies them.

2.  On or around July 30, 2019, an account unknown and unauthorized by Plaintiff was opened with Verizon Wireless. This account began reporting on Plaintiff's credit reports. Plaintiff disputed the account and the inaccurate credit reporting with Verizon Wireless directly, as well as

with the credit reporting agencies, including Defendant and Trans Union. Defendants failed to conduct a reasonable investigation and concluded that Plaintiff was responsible for the accounts.

**ANSWER**: Trans Union denies the allegations of this paragraph as they apply to Trans Union. Trans Union denies that the remaining statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

### Jurisdiction, Venue and Parties

3. This Court has original jurisdiction over Plaintiff's claims arising under the FCRA pursuant to 15 U.S.C. § 1681p and 28 U.S.C. § 1331.

**ANSWER**: Trans Union states that the allegations of this paragraph are legal conclusions and, so stating, denies them.

4. Personal jurisdiction exists over Defendants as they regularly conduct business in the State of Illinois.

**ANSWER**: Trans Union states that the allegations of this paragraph are legal conclusions and, so stating, denies them.

5. Venue is appropriate in the United States District Court for the Northern District of Illinois, Chicago Division, pursuant to 28 U.S.C. § 1391, as Defendants regularly conduct business in and are residents of the State of Illinois.

**ANSWER**: Trans Union states that the allegations of this paragraph are legal conclusions and, so stating, denies them.

6. Plaintiff is, and was at all relevant times a "consumer" as defined by the FCRA, 15 U.S.C. § 1681a(c).

**ANSWER**: Trans Union states that the allegations of this paragraph are legal conclusions and, so stating, denies them.

7. Defendant Trans Union LLC ("Trans Union") is a consumer reporting agency whose principle [sic] office is located in Chicago, Illinois. Trans Union regularly conducts business in the State of Illinois through its registered agent Prentice-Hall Corporation System, located at 801 Adlai Stevenson Drive, Springfield, Illinois 62703.

**ANSWER**: Trans Union admits that it is a "consumer reporting agency" as that term is defined by the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq*. Trans Union admits that it is a Delaware limited liability company with its principal place of business in Chicago, Illinois. Trans Union states that the remaining allegations of this paragraph are legal conclusions and, so stating, denies them.

8. Trans Union is a "consumer reporting agency" as defined by 15 U.S.C. § 1681a(f) [sic]

**ANSWER**: Trans Union admits that it is a "consumer reporting agency" as that term is defined by the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq*. Trans Union states that the remaining allegations of this paragraph are legal conclusions and, so stating, denies them.

9. Defendant Verizon Wireless Communications, LP d/b/a Verizon Wireless ("Verizon") or ("Verizon Wireless") is a foreign limited liability company headquartered in New Jersey and authorized to do business in the State of Illinois through its registered agent, C T Corporation System, located at 208 South Lasalle Street, Suite 814, Chicago, Illinois 60604.

**ANSWER**: Trans Union states that the allegations of this paragraph are legal conclusions and, so stating, denies them.

**General Allegations**

10. On or around July 30, 2019, someone other than Plaintiff opened a Verizon account in Plaintiff's name.

**ANSWER**: Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

11. Plaintiff did not authorize the application for, or opening of a Verizon account in his name.

**ANSWER**: Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

12. The opening of the Verizon account in Plaintiff's name was the result of identification (ID) theft.

**ANSWER**: Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

13. On or around March 24, 2020, Plaintiff accessed his Trans Union credit report online to review it before he began the process of purchasing a new vehicle.

**ANSWER**: Trans Union states that it lacks knowledge or information at this time sufficient to form a belief about the truth of these allegations as they apply to Trans Union, which has the effect of a denial under Rule 8(b)(5). Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations, which has the effect of a denial under Rule 8(b)(5).

14. Plaintiff was shocked to see that his credit score had dropped over 150 points and that on this report that there was a Verizon Wireless account reporting with a past due balance of $184 and as placed for collections.

**ANSWER**: Trans Union states that it lacks knowledge or information at this time sufficient to form a belief about the truth of these allegations as they apply to Trans Union, which has the effect of a denial under Rule 8(b)(5). Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations, which has the effect of a denial under Rule 8(b)(5).

15. Plaintiff immediately began disputing directly with Verizon Wireless, as well as through Trans Union.

**ANSWER**: Trans Union states that it lacks knowledge or information at this time sufficient to form a belief about the truth of these allegations as they apply to Trans Union, which has the effect of a denial under Rule 8(b)(5). Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations, which has the effect of a denial under Rule 8(b)(5).

16. On or around April 15, 2020, Defendant Trans Union sent Plaintiff dispute results verifying the fraudulent account as accurate.

**ANSWER**: Trans Union states that it lacks knowledge or information at this time sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

17. Plaintiff again disputed the fraudulent account with Trans Union.

**ANSWER**: Trans Union states that it lacks knowledge or information at this time sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

18. On or around May 21, 2020, Trans Union sent Plaintiff another set of dispute results again verifying the account as accurate.

**ANSWER**: Trans Union states that it lacks knowledge or information at this time sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

19. On or around May 16, 2020, Plaintiff sent a dispute letter directly to Defendant Verizon.

**ANSWER**: Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

20. On or around June 8, 2020, Plaintiff received a letter from Verizon stating, in pertinent part, that "We have reviewed our records, as well as the information you have provided, and have been unable to substantiate your claim that this account was opened without your knowledge or consent."

**ANSWER**: Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

21. On June 16, 2020, Plaintiff filed an Identity Theft Report with the Federal Trade Commission, report number 119582712.

**ANSWER**: Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

22. On the same day, June 16, 2020, Plaintiff filed a report with the Roselle Police Department, case number 20-011282.

**ANSWER**: Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

23. On the same day, June 16, 2020, Plaintiff mailed yet another dispute letter to Trans Union.

**ANSWER**: Trans Union states that it lacks knowledge or information at this time sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

24. On or around June 23, 2020, after at least three separate disputes, Defendant Trans Union responded to Plaintiff's dispute and finally removed this fraudulent account from Plaintiff's credit file.

**ANSWER**: Trans Union states that it lacks knowledge or information at this time sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

25. On June 16, 2020, Plaintiff mailed another dispute letter to Verizon. Plaintiff mailed this letter to the address that was listed as being the "Fraud Prevention Team" on Verizon's own response to him just 10 days prior, on June 6, 2020.

**ANSWER**: Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

26. On or around August 10, 2020, Plaintiff received his dispute letter to Verizon back and was told that it was sent to the wrong address.

**ANSWER**: Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

27. As of the date of this filing, Defendant Verizon still has this fraudulent account opened in Plaintiff's name.

**ANSWER**: Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

28. As a result of Defendants' conduct, Plaintiff has suffered actual damages in the form of adverse interest rates, lost loan and credit opportunities, credit defamation, time and expense dealt with repeatedly disputing the accounts and communicating with Defendants, as well as emotional distress.

**ANSWER**: Trans Union denies the allegations of this paragraph as they apply to Trans Union. Trans Union denies that the remaining statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

29. All necessary conditions precedent to the filing of this action have occurred.

**ANSWER**: Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5). Trans Union states that the remaining allegations of this paragraph are legal conclusions and, so stating, denies them.

## COUNT I
### (Violations of the FCRA § 1681i(a) by Trans Union LLC)

30. Plaintiff re-alleges and incorporates paragraphs 1 through 29, including all subparts, as if fully set forth herein.

**ANSWER**: Trans Union reasserts its answers and responses set forth herein.

31. Trans Union violated 15 U.S.C. § 1681i by failing to delete inaccurate information in Plaintiff's credit file after receiving notice of such inaccuracies, by failing to conduct a lawful reinvestigation, and by failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit file.

**ANSWER**: Trans Union denies the allegations contained in this paragraph.

32. Plaintiff told Trans Union that he had already tried to fix the fraudulent account with the [sic] Verizon directly, but that the furnisher still refused to remove the fraudulent account.

**ANSWER**: Trans Union states that it lacks knowledge or information at this time sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

33. Trans Union took no independent action to investigate the dispute or to determine whether Plaintiff was the victim of identity theft.

**ANSWER**: Trans Union denies that it violated the FCRA (or any other law). Trans Union states that it lacks knowledge or information at this time sufficient to form a belief about the truth of the remaining allegations, which has the effect of a denial under Rule 8(b)(5).

34. Trans Union failed to investigate Plaintiff's dispute despite Plaintiff providing all the necessary information. Trans Union chose to ignore all the information provided in the dispute and rely solely on the information provided by Verizon. Plaintiff even provided his contact information, but Trans Union made no attempt to contact him to obtain any additional information if any was needed.

**ANSWER**: Trans Union denies the allegations contained in this paragraph.

35. Trans Union chose to ignore this information and simply parroted the information provided by the furnisher.

**ANSWER**: Trans Union denies that it violated the FCRA (or any other law). Trans Union states that it lacks knowledge or information at this time sufficient to form a belief about the truth of the remaining allegations, which has the effect of a denial under Rule 8(b)(5).

36. As a result of Trans Union's conduct, action and inaction, Plaintiff suffered actual damages in the form of adverse interest rates, lost loan and credit opportunities, credit defamation,

time and expense dealt with repeatedly disputing the accounts and communicating-with Defendant, as well as emotional distress.

**ANSWER**: Trans Union denies the allegations contained in this paragraph.

37. Trans Union's conduct, action, and inaction was willful, rendering it liable for actual or statutory damages, and punitive damages pursuant to 15 U.S.C. § 1681n. In the alternative, Trans Union was negligent, entitling Plaintiff to recover actual damages under 15 U.S.C. § 1681o.

**ANSWER**: Trans Union denies the allegations contained in this paragraph.

WHEREFORE, Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against Defendant Trans Union Information Solutions, Inc. [sic] for statutory damages, punitive damages, actual damages, costs, interest, attorney fees, for pre-judgment and post-judgment interest at the legal rate, enjoinder from further violations of these parts, and any other such relief the Court may deem just and proper.

**ANSWER**: Trans Union denies that Plaintiff is entitled to any damages, costs, fees or other relief from or against Trans Union. Trans Union denies that the remaining statements contained in this paragraph require a response from Trans Union.

## COUNT II
**(Violations of the FCRA § 1681e(b) by Trans Union LLC)**

38. Plaintiff re-alleges and incorporates paragraphs 1 through 29, including all subparts, as if fully set forth herein.

**ANSWER**: Trans Union reasserts its answers and responses set forth herein.

39. Trans Union violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning Plaintiff.

**ANSWER**: Trans Union denies the allegations contained in this paragraph.

40. Plaintiff did not apply for the account with Verizon and Trans Union allowed for fraudulent accounts to remain. Plaintiff did not apply for any account with Verizon, nor did he authorize anyone else to apply for the account. Despite this, Trans Union's procedures allowed for the account to be reported on Plaintiff's Trans Union credit report.

**ANSWER**: Trans Union denies that it violated the FCRA (or any other law). Trans Union states that it lacks knowledge or information at this time sufficient to form a belief about the truth of the remaining allegations as they apply to Trans Union, which has the effect of a denial under Rule 8(b)(5). Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations, which has the effect of a denial under Rule 8(b)(5).

41. As a result of Trans Union's conduct, action and inaction, Plaintiff suffered actual damages in the form of adverse interest rates, lost loan and credit opportunities, credit defamation, time and expense dealt with repeatedly disputing the accounts and communicating with Defendant, as well as emotional distress.

**ANSWER**: Trans Union denies the allegations contained in this paragraph.

42. Trans Union's conduct, action, and inaction was willful, rendering it liable for punitive damages pursuant to 15 U.S.C. § 1681n. In the alternative, if Trans Union .was negligent, Plaintiff is entitled to recover under 15 U.S.C. § 1681o.

**ANSWER**: Trans Union denies the allegations contained in this paragraph.

43. Plaintiff is entitled to recover costs and attorney's fees from Trans Union pursuant to 15 U.S.C. § 1681n and § 1681o.

**ANSWER**: Trans Union denies the allegations contained in this paragraph.

WHEREFORE, Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against Defendant Trans Union Information Solutions, Inc. [sic] for statutory damages, punitive damages, actual damages, costs, interest, attorney fees, for pre-judgment and post-judgment interest at the legal rate, enjoinder from further violations of these parts, and any other such relief the Court may deem just and proper.

**ANSWER**: Trans Union denies that Plaintiff is entitled to any damages, costs, fees or other relief from or against Trans Union. Trans Union denies that the remaining statements contained in this paragraph require a response from Trans Union.

### COUNT III
### (Violations of FCRA § 1681s-2(b) by Verizon Wireless, Personal Communications, LP d/b/a Verizon Wireless)

44. Plaintiff re-alleges and incorporates paragraphs 1 through 29, including all subparts, as if fully set forth herein.

**ANSWER**: Trans Union reasserts its answers and responses set forth herein.

45. Verizon is an entity who, regularly and in the course of business, furnishes information to one or more consumer reporting agencies about its transactions or experiences with any consumer and therefore constitutes a "furnisher of information" as codified at 15 U.S.C. § 1681s-2.

**ANSWER**: Trans Union states that the allegations of this paragraph are legal conclusions and, so stating, denies them.

46. Verizon published false information regarding Plaintiff's alleged debt obligation and the Verizon account to the credit reporting agencies, like Trans Union, and through those same credit reporting agencies to all of Plaintiff's potential lenders.

**ANSWER**: Trans Union states that it lacks knowledge or information at this time sufficient to form a belief about the truth of these allegations as they apply to Trans Union, which has the effect of a denial under Rule 8(b)(5). Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations, which has the effect of a denial under Rule 8(b)(5).

47. On one or more occasions within the past two years, by example only and without limitation, Verizon violated 15 U.S.C. § 1681s-2(b)(l)(B) by failing to review all relevant information provided by the consumer reporting agencies along with Plaintiff's disputes.

**ANSWER**: Trans Union denies that the statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

48. When Plaintiff mailed his written disputes and enclosures, or completed online disputes to consumer reporting agencies (CRAs) like Trans Union, those CRAs use a dispute system named "e-OSCAR" which has been adopted by the CRAs and by their furnisher-customers such as Verizon. It is an automated system and the procedures used by the CRAs are systemic and uniform.

**ANSWER**: Trans Union states that the e-OSCAR system speaks for itself. To the extent that Plaintiff misquotes or mischaracterizes the circumstances surrounding the adoption and implementation of the e-OSCAR system, Trans Union denies the allegations as stated. Trans Union states that it lacks knowledge or information at this time sufficient to form a belief about the truth of the remaining allegations as they apply to Trans Union, which has the effect of a denial under Rule 8(b)(5). Trans Union states that it lacks knowledge or information sufficient to form a

belief about the truth of the remaining allegations, which has the effect of a denial under Rule 8(b)(5).

49. When a CRA, like Trans Union, receives a consumer dispute, it (usually via an offshore, outsourced vendor) translates that dispute into an Automated Credit Dispute Verification or "ACDV" form.

**ANSWER**: As Plaintiff's allegations are stated and absent a proper definition of the terms employed Trans Union states that it lacks knowledge or information at this time sufficient to form a belief about the truth of these allegations as they apply to Trans Union, which has the effect of a denial under Rule 8(b)(5). Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations, which has the effect of a denial under Rule 8(b)(5).

50. The ACDV form is the method by which Verizon has elected to receive consumer disputes pursuant to 15 U.S.C. § 1681i(a).

**ANSWER**: Trans Union states that the allegations of this paragraph are legal conclusions and, so stating, denies them.

51. Based on the manner in which Trans Union responded or failed to respond to each of Plaintiff's disputes, representing that Verizon had verified the supposed accuracy of its reporting, Plaintiff alleges that Trans Union did in fact forward ACDV(s) to Verizon.

**ANSWER**: Trans Union denies that it violated the FCRA (or any other law). Trans Union states that it lacks knowledge or information at this time sufficient to form a belief about the truth of the remaining allegations as they apply to Trans Union, which has the effect of a denial under Rule 8(b)(5). Trans Union states that it lacks knowledge or information sufficient to form a

belief about the truth of the remaining allegations, which has the effect of a denial under Rule 8(b)(5).

52. Verizon understood the nature of the Plaintiff's disputes when it received the ACDV(s) from Trans Union.

**ANSWER**: Trans Union states that it lacks knowledge or information at this time sufficient to form a belief about the truth of these allegations as they apply to Trans Union, which has the effect of a denial under Rule 8(b)(5). Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations, which has the effect of a denial under Rule 8(b)(5).

53. Verizon violated 15 U.S.C. § 1681s-2(b) by failing to fully and properly investigate Plaintiff's dispute of Verizon's representations; by failing to review all relevant information regarding same; by failing to correctly report the results of an accurate investigation to every other credit reporting agency; and by failing to permanently and lawfully correct its own internal records to prevent the re-reporting of Verizon's representations to the consumer reporting agencies.

**ANSWER**: Trans Union denies that the statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

54. Verizon violated 15 U.S.C. § 1681s-2(b) by continuing to furnish inaccurate information to Trans Union after Verizon had been notified of the dispute and that the information was inaccurate.

**ANSWER**: Trans Union denies that the statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

55. Verizon knowingly chose to follow procedures which did not review, confirm or verify who the responsible party was for the lease and debt in question. Further, Verizon had all of the evidence and information with which to recognize and confirm Plaintiff was not the liable party.

**ANSWER**: Trans Union denies that the statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

56. As a result of Verizon's conduct, action and inaction, Plaintiff suffered damage by denial of a potential apartment, loss of time due to Plaintiff's attempts to correct the inaccurate information; stress; and the mental and emotional pain, anguish, humiliation and embarrassment of credit denials.

**ANSWER**: Trans Union denies that the statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

57. Verizon's conduct, action, and inaction was willful, rendering it liable for actual or statutory damages, and punitive damages. pursuant to 15 U.S.C. § 1681n. In the alternative, Verizon was negligent entitling Plaintiff to recover actual damages under 15 U.S.C. § 1681o.

**ANSWER**: Trans Union denies that the statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

WHEREFORE, Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against Verizon, Inc., for statutory damages, punitive damages, actual damages, costs,

interest, attorney fees, enjoinder from further violations of these parts and any other such relief the Court may deem just and proper.

**ANSWER**: Trans Union denies that the statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

## AFFIRMATIVE DEFENSES

1. Plaintiff has failed to state a claim against Trans Union upon which relief may be granted.

2. Plaintiff's state law and common law claims are pre-empted by the Fair Credit Reporting Act, 15 U.S.C. § 1681, et seq.

3. Trans Union's reports concerning Plaintiff were true or substantially true.

4. Trans Union has at all times followed reasonable procedures to assure maximum possible accuracy of its credit reports concerning Plaintiff.

5. Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations.

6. Plaintiff's claims are barred, in whole or in part, by 15 U.S.C. §§ 1681h(e) and/or 1681t.

7. At all relevant times, Trans Union acted within the absolute and qualified privileges afforded it under the FCRA, the United States Constitution, applicable State Constitutions and the common law.

8. Plaintiff's claims are barred, in whole, or in part, by the equitable theories of estoppel, waiver and laches.

9. Plaintiff has failed to take reasonable steps to mitigate his damages, if any.

10. Plaintiff's damages are the result of acts or omissions committed by Plaintiff.

11. Plaintiff's damages are the result of acts or omissions committed by the other parties over whom Trans Union has no responsibility or control.

12. Plaintiff's damages are the result of acts or omissions committed by non-parties to this action over whom Trans Union has no responsibility or control.

13. Any claim for exemplary or punitive damages asserted by Plaintiff violates Trans Union's rights under the Due Process and Excessive Fines clauses of the Fifth, Sixth, Eighth and Fourteenth Amendments to the United States Constitution and the analogous provisions of applicable State Constitutions and under the First Amendment of the United States Constitution and the analogous provisions of applicable State Constitutions.

14. Trans Union reserves the right to assert additional defenses as may become apparent through additional investigation and discovery.

WHEREFORE, Defendant Trans Union, LLC, by counsel, denies that Plaintiff is entitled to judgment or to any of the relief sought, and respectfully requests that judgment be entered in its favor and against Plaintiff on all counts set forth in the Complaint, and that Trans Union, LLC, be awarded its costs incurred in defending this action, along with such other relief as this Court deems equitable and just.

Respectfully submitted,

*/s/ James L. Policchio*
Laura K. Rang, Esq. (IL #2623849)
James L. Policchio, Esq. (IL #3473749)
 (admitted *Pro Hac Vice*)
Schuckit & Associates, P.C.
4545 Northwestern Drive
Zionsville, IN  46077
Telephone:  317-363-2400
Fax:  317-363-2257
E-Mail: sbrady@schuckitlaw.com
        jpolicchio@schuckitlaw.com

*Counsel for Defendant Trans Union, LLC*

Daniel O. Halvorsen, Esq. (IL #6225111)
TransUnion, LLC
555 West Adams Street
Chicago, IL  60661
Phone:  (312) 213-9858
Fax:  (312) 466-7986
E-Mail:  daniel.halvorsen@transunion.com

*Local Counsel for Defendant Trans Union, LLC*

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a copy of the foregoing has been filed electronically on the **23rd day of September, 2020**. Notice of this filing will be sent to the following parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's electronic filing.

| James J. Parr, Esq. | Joshua R. Kersey, Esq. |
|---|---|
| james@agrusslawfirm.com | jkersey@forthepeople.com |

The undersigned further certifies that a true copy of the foregoing was served on the following parties via First Class, U.S. Mail, postage prepaid, on the **23rd day of September, 2020** properly addressed as follows:

| None. | |
|---|---|

*/s/ James L. Policchio*
Laura K. Rang, Esq. (IL #2623849)
James L. Policchio, Esq. (IL #3473749)
 (admitted *Pro Hac Vice*)
Schuckit & Associates, P.C.
4545 Northwestern Drive
Zionsville, IN  46077
Telephone:  317-363-2400
Fax:  317-363-2257
E-Mail: sbrady@schuckitlaw.com
              jpolicchio@schuckitlaw.com

*Counsel for Defendant Trans Union, LLC*